UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAVID LASSEQUE | : |
| | : |
| v. | :     C.A. No. 23-00069-WES |
| | : |
| RHODE ISLAND DEPARTMENT | : |
| OF CORRECTIONS, et al. | : |

REPORT AND RECOMMENDATION
FOR SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)

Lincoln D. Almond, United States Magistrate Judge

**Background**

On February 15, 2023, Plaintiff filed a pro se Complaint, and on March 14, 2023 he filed an Application to Proceed Without Prepayment of Fees including the $350.00 per case filing fee. (ECF Nos. 1, 3). Plaintiff's Application (ECF No. 3) filed pursuant to 28 U.S.C. § 1915 has been referred to me for determination. 28 U.S.C. § 636; LR Cv 72. Plaintiff submitted a copy of his prisoner trust fund account statement from the Federal Bureau of Prisons, as required by 28 U.S.C. § 1915(a)(2). If Plaintiff's prison trust fund account statement demonstrates an entitlement to in forma pauperis ("IFP") status, the Court will calculate the initial filing fee that must be paid before the case may proceed. However, because of the IFP application, this case is subject to preliminary screening under 28 U.S.C. § 1915(e)(2)(B). Accordingly, I am required to review the Complaint sua sponte and to dismiss if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I find the Complaint facially barred by the applicable statute of limitations and thus I recommend that Plaintiff's Complaint be DISMISSED because it is "frivolous," and "fails to state a claim on which relief may be granted." See 28 U.S.C. § 1915(e)(2)(B).

**Facts**

Plaintiff David Lasseque is currently a prisoner at the USP Leavenworth in Kansas. In 2014, however, Plaintiff was being held at the Rhode Island Adult Correctional Institutions ("ACI") while his case was pending in this Court. He alleges that in July 2014, after a physical confrontation with Correctional Officers, he was sprayed with mace and placed in segregation. He alleges that during this incident, Defendants violated his Eighth Amendment right to be free from the infliction of cruel and unusual punishments. Plaintiff also alleges violations to his rights under the First, Fifth and Fourteenth Amendments to the United States Constitution. As Relief, Plaintiff seeks a declaratory judgment that his rights were violated and compensatory and punitive damages.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action filed in forma pauperis is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

**Discussion**

Plaintiff's Complaint alleges that he was watching television with several other inmates on July 30, 2014, when he engaged in a verbal disagreement with a Correctional Officer and threatened to break the TV because he "got tired of the disrespect." (ECF No. 1 at p. 4). Plaintiff was instructed

to return to his cell, and to cuff up and once he entered his cell, he "grab[bed two legal file folders" and engaged in a physical scuffle with correctional officers. Id.  Plaintiff alleges he "tried to fight his way out of the cell" when he was sprayed with mace and assaulted but was instead sprayed again and handcuffed.  Id. at p. 5.  He asserts that while being escorted to segregation, a nurse evaluated him and took photos of him.  He was then permitted to shower and escorted to segregation where he remained for seven days. Id.  He alleges that the correctional officers fabricated their own injuries, and refused to release video footage of the incident or photos of Plaintiff's injuries.  Id. at p. 6.

Plaintiff's 42 U.S.C. § 1983 claim is time-barred by the applicable statute of limitations. Rodriguez v. Providence Police Dep't, C.A. No. 08-003 S, 2009 WL 2059080, at *1 (D.R.I. June 23, 2009) (although statute of limitations is generally affirmative defense, court may raise it sua sponte when screening a prisoner's complaint under § 1915(e)(2)). It has long been established that federal courts hearing § 1983 actions apply the forum state's statute of limitations for personal injury actions. Ferreira v. City of Pawtucket, 365 F. Supp. 2d 215, 216 (D.R.I. 2004) (internal citations omitted). Under Rhode Island law, personal injury actions must be filed within three years of the accrual of the cause of action.  Id.  Since Plaintiff's cause of action accrued on July 30, 2014 when his injuries occurred, the statute of limitations expired on July 30, 2017, nearly five and one- half years before he filed the present Complaint.

This Court is recommending that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). In making this recommendation, this Court has taken all of the allegations in Plaintiff's Complaint as true and has drawn all reasonable inferences in his favor.  Estelle v. Gamble, 429 U.S. 97 (1976).  In addition, this Court has liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant.  See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).  However, even applying these liberal standards of review to Plaintiff's Complaint,

dismissal is required because even when afforded a liberal construction, the Complaint fails to state a claim and is frivolous.   Accordingly, I recommend Plaintiff's Complaint be DISMISSED.

**Conclusion**

For the reasons stated, Plaintiff's Application to Proceed Without Prepayment of Fees (ECF No. 2) is DENIED without Prejudice.   Further, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), I further recommend that Plaintiff's Complaint (ECF No. 1) be DISMISSED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt.   See Fed. R. Civ. P. 72(b); LR Cv 72.   Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.   See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


   /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 24, 2023